UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6063-CR-FERGUSON

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

IAN GEORGE HARRIS,

        Defendant.

_____

## MOTION FOR BILL OF PARTICULARS AND MEMORANDUM

The Defendant, IAN GEORGE HARRIS, by and through his undersigned attorney, would respectfully show unto this Honorable Court:

That he is the Defendant in Counts 1, 8, 9 and 10 of the Indictment herein. Before setting forth the items the Defendant needs in order to defend the charges herein, it may be of assistance to the Court to know some of the underlying reasons for the request.

Mr. Harris has been diagnosed with pancreatic cancer. In order to alleviate the consequential pain of the disease, he wears at all times a morphine patch. The doctor has prescribed a patch rather than injections or pills in order to avoid the danger of addiction. He has undergone and from time to time will continue to undergo chemotherapy. An article ( March 29, 2000, in the Miami Herald newspaper) discloses that recent studies at the Dartmouth Medical School have concluded that chemotherapy results in permanent memory loss and intellectual abilities.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

IAN GEORGE HARRIS,

    Defendant.

_____

**MOTION FOR BILL OF PARTICULARS**
**AND MEMORANDUM**

The Defendant, IAN GEORGE HARRIS, by and through his undersigned attorney, would respectfully show unto this Honorable Court:

That he is the Defendant in Counts 1, 8, 9 and 10 of the Indictment herein. Before setting forth the items the Defendant needs in order to defend the charges herein, it may be of assistance to the Court to know some of the underlying reasons for the request.

Mr. Harris has been diagnosed with pancreatic cancer. In order to alleviate the consequential pain of the disease, he wears at all times a morphine patch. The doctor has prescribed a patch rather than injections or pills in order to avoid the danger of addiction. He has undergone and from time to time will continue to undergo chemotherapy. An article ( March 29, 2000, in the Miami Herald newspaper) discloses that recent studies at the Dartmouth Medical School have concluded that chemotherapy results in permanent memory loss and intellectual abilities.

-1-

Although we cannot predict whether or not Mr. Harris will be alive by the time this matter comes to trial, or alternatively whether he will physically or mentally be able to undergo a trial, we must, nonetheless, fully prepare. We acknowledge that rarely will a Court reverse a decision with respect to granting or denying a Bill of particulars in the absence of abuse of discretion. We submit, however, that in light of the above information, in the interest of fairness, the requested information should be furnished.

The Defendant moves the Court to require the Government to state by way of Bill of Particulars the following information:

1. To require the Government to state all known co-conspirators, and require the Government to continually update that information from time to time should unknown co-conspirators be identified. At the discovery conference, it was disclosed that the Government's position is that Pearl Freedman and Paul Baker are unindicted co-conspirators.

2. Page 3, Paragraph 6:

   In defining the word "themselves", does the Government claim that the checks were to be written to Marc Freedman and Ian George Harris, or the customers?

3. Page 3, Paragraph 6:

   Furnish the Defendants with the names of other employees to whom checks were personally written.

4. Page 5, Paragraph 16(e):

   To require the Government to state the names of the two customers who were directed to write checks to Ian George Harris.

5. Page 5, Paragraph G:

-2-

    To require the Government to state the name of the maker and amount of the checks Ian George Harris received. To state further whether $50,000.00 in checks identified in Paragraph G were part and parcel of those checks described in Paragraph E.

6.  Page 5, Paragraph H:

   To require the Government to state whether the checks referred to in Paragraph G are the same as the items referred to in Paragraphs E and G.

7.  Page 5, Paragraph I:

   To require the Government to state the name of the maker of the check described therein.

8.  Page 5, Paragraph J:

   To require the Government to state whether the check described in Paragraph J is identical to the one referred to in Paragraph I.

9.  Page 5, Paragraph K:

   To require the Government to state the name of the customer referred to in that paragraph.

10.  Page 5, Paragraph K:

   To state whether the check described in Paragraph K is part of the checks described in Paragraphs E and G.

11.  Page 6, Paragraph R:

   To state the name of the customer referred to in Paragraph R.

12.  Page 6, Paragraph R:

   To state whether the check described in Paragraph R is part of the checks described in Paragraphs E, F, G and H.

13. Page 7, Paragraph T:

   To state whether the check described therein is the same check as that described in Paragraph R, and whether it is part of the other checks referred to in Paragraphs G, H. and I.

14. To furnish the serial numbers of the Rolex watches referred to in any of the foregoing Overt Acts.

15. With reference to Counts 8, 9 and 10, to furnish the Defendant with the amount in excess of that which was reported on his individual income tax return.

16. To define the word "substantially" as referred to in Counts 8, 9 and 10.

I HEREBY CERTIFY that Assistant United States Attorney LYNN ROSENTHAL was open and helpful at the discovery conference, however, inasmuch as Ms. Rosenthal has been out of town, the undersigned counsel has not been able to review the requested information with her. We respectfully suggest that since the trial in this matter has been postponed to the Fall of 2000, that a further status conference before this Court be held in late May, 2000, to review the Motion For Bill Of Particulars.

I HEREBY CERTIFY that on April 24, 2000, the undersigned hand-delivered a copy of the above Motion For Bill Of Particulars And Memorandum to LYNN ROSENTHAL, Assistant United States Attorney, and PETER D. AIKEN, ESQ., at the United States Courthouse, 299 East Broward Boulevard, Ft. Lauderdale, FL 33301.

Respectfully Submitted,

E. DAVID ROSEN
Florida Bar No. 068316
Counsel For Defendant IAN GEORGE HARRIS
1717 North Bayshore Drive, Suite 3031
Miami, Florida 33132
Phone (305) 371-9641 / Fax (305) 373-6978